IN THE DISTRICT COURT IN AND FOR
THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO. 4:10cv337-SPm/WCS

BRANDI THOMAS,

Plaintiff,

v.

DORSEY THORNTON AND ASSOCIATES, LLC,

Defendant.

_____/

## NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act
("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla.
Stat. §559.72. (hereafter the "FCCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts
and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in
this district, and where Defendant transacts business in this district.

## PARTIES

4.     Plaintiff, BRANDI THOMAS ("Plaintiff"), is a natural person who at all relevant
times resided in the State of Florida, County of Taylor, and City of Perry.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, DORSEY THORNTON AND ASSOCIATES, LLC, ("Defendant")

or ("DORSEY") is a limited liability company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

7.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA.

## FACTUAL ALLEGATIONS

8.    Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.    Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.    Defendant demanded immediate payment of an alleged debt during its initial communication with Plaintiff without notifying her of her right to dispute the debt.

12.    Moreover, during Defendant's first communication with the Plaintiff, Defendant demanded immediate payment of the debt and threatened to take action against Plaintiff should she fail to make a payment.

13.    Defendant failed to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

14.     Defendant refused to provide Defendant's mailing address or fax number upon Plaintiff's request, which would have precluded Plaintiff from disputing the debt or requesting written validation had she been properly notified of her right to do so, or from sending Defendant proof that she had already paid the debt. Plaintiff specifically asked defendant's collector(s) for a mailing address or fax number so she could send them proof that she had already paid the debt but they refused to give it to her.

15.     Defendant threatened to file felony charges against Plaintiff for failure to pay the alleged debt.

16.     Defendant represented that Plaintiff owed a debt that had previously been paid.

17.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

18.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

19.     Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

20.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

21.    Defendant violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period, including demanding immediate payment of the   debt in the initial communication with Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated  15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

22.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

23.    Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including but not limited to refusing to    providing Defendant's mailing address upon request.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

24.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

25.    Defendant violated 15 U.S.C. § 1692e(5) & § 1692e(7) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to file felony charges against Plaintiff for failure to pay the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5) & § 1692e(7);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

26.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 17.

27.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt, including representing that Plaintiff owed a debt that had previously been paid.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA
## AGAINST DORSEY

28.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-17 of this complaint.

29.     Defendant violated §559.72(9) of the Florida Consumer Collection Practices Act

by threatening to enforce a debt with the knowledge that the debt was not legitimate, including

representing that Plaintiff owed a debt that previously been paid.

30.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues

to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, BRANDI THOMAS, by and through her attorneys, respectfully

prays for judgment as follows:

a.      All actual compensatory damages suffered;

b.      Emotional and/or mental anguish damages;

c.      Statutory damages of $1,000.00;

d.      Plaintiff's attorneys' fees and costs;

e.      Any other relief deemed appropriate by this Honorable Court.

## COUNT VII
## VIOLATIONS OF THE SECTION 559.72(9) OF THE FCCPA
## AGAINST DORSEY

31.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein,

paragraphs 1-17 of this complaint.

32.     Defendant violated §559.72(9) of the Florida Consumer Collection Practices Act

by asserting the existence of some legal right with the knowledge that the right did not exist,

including threatening to file felony charges against Plaintiff for failure to pay the alleged debt.

33.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues

to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, BRANDI THOMAS, by and through her attorneys, respectfully

prays for judgment as follows:

a.      All actual compensatory damages suffered;

b.      Emotional and/or mental anguish damages;

c.      Statutory damages of $1,000.00;

d.      Plaintiff's attorneys' fees and costs;

e.      Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

34.     Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this ___ day of _____, 20___.

Respectfully submitted,
**BRANDI THOMAS**

By:_____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com



Clerk's Office
United States Courthouse
111 N. Adams St.
Tallahassee, Florida 32301-7730

Weisberg & Meyers, LLC
5722 South Flamingo Road
#656
Cooper City, FL 33330